FILED
2024 MAR 14 11:03 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-05665-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JACOB T. WILFONG, individually; and DONAMARIE N. WILFONG and DONALD J. WILFONG, individually and the marital community composed thereof,<br><br>Plaintiffs,<br><br>vs.<br><br>LYFT, INC., a foreign corporation; LYFT, INC., d/b/a Lyft Washington, Inc., a foreign corporation; ABDIRAZACK A. JAMMA and JANE DOE JAMMA, individually and the marital community composed thereof; and ABDULKADIR A. OMAR and JANE DOE OMAR,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES |

COMES NOW Plaintiffs Jacob T. Wilfong, Dona Marie N. Wilfong, and Donald J. Wilfong, against the above-named Defendants, and states and alleges as follows:

## I. PARTIES & JURISDICTION

1.1 Plaintiff Jacob T. Wilfong is now, and was at all relevant times hereinafter alleged, a resident of Allegheny County, Pennsylvania.



DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

1.2 Plaintiffs Dona Marie N. Wilfong and Donald J. Wilfong are now, and were at all relevant times hereinafter alleged, residents of Allegheny County, Pennsylvania. Plaintiffs are husband and wife and therefore constitute a marital community under the laws of the state of Pennsylvania.

1.3 Defendants Lyft, Inc. and Lyft Inc. d/b/a Lyft Washington, Inc. (hereafter collectively referred to as "Lyft") are foreign for-profit corporations that conduct business in King County, Washington. Defendants Lyft are corporations formed under the laws of the state of Delaware with their principal places of business in the state of California.

1.4 At all times material hereto, Defendants Lyft act as a "Commercial Transportation Services Provider" as that term is defined under RCW 48.177.005(2). Based on information and belief, Defendant Lyft, Inc. is the parent corporation of Lyft Inc. d/b/a Lyft Washington, Inc. Based upon further information and belief, and at all times material hereto, Defendant Jamma A. Abdurazack was operating a personal motor vehicle, registered to Defendant Abdulkadir A. Omar as a "Commercial Transportation Services Provider Driver" while working for Lyft. Defendants Lyft are therefore liable for the negligent acts and/or omissions of Defendant Abdulkadir A. Omar under the legal theories of master/servant, principal/agent, and/or respondeat superior.

1.5 The Registered Agent for Lyft, Inc. is CT Corporation System located at 818 West Seventh Street, Ste. 930, Los Angeles, CA 90017. Defendant Lyft, Inc has been properly served with Plaintiff's lawsuit by personal service of the Summons and Complaint on the company's Registered Agent identified above at said agent's address located above.

1.6 The Registered Agent for Lyft Inc. d/b/a Lyft Washington, Inc. is CT Corporation System located at 711 Capitol Way S., Ste. 204, Olympia, WA 98501. Defendant Lyft Inc. d/b/a Lyft Washington, Inc. has been properly served with Plaintiff's lawsuit by personal service of the



DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

Summons and Complaint on the company's Registered Agent identified above at said agent's address located above.

1.7 Defendant Abdurazack A. Jamma is now believed to be, and was at all relevant times hereinafter alleged, a resident of King County, Washington. If this defendant is married, the acts and omissions hereinafter described were for and on behalf of and in furtherance of his marital community. Based upon information and belief, and at all times material hereto, this Defendant was operating a personal motor vehicle in King County, Washington, registered to Defendant, while also acting as a "Commercial Transportation Services Provider Driver" as that term is defined by RCW 48.177.005(3). Based upon further information and belief, and at all times material hereto, Defendant Abdurazack A. Jamma was transporting a Lyft customer or passenger in a personal vehicle, registered to Defendant Abdulkadir A. Omar, that was arranged and/or obtained by and through Lyft's digital network and/or software application. At all times material hereto, Defendant Abdurazack A. Jamma was acting within the course and scope of his employment and/or agency with Lyft.

1.8 Defendant Abdulkadir A. Omar is now believed to be, and was at all relevant times hereinafter alleged, a resident of King County, Washington. If this defendant is married, the acts and omissions hereinafter described were for and on behalf of and in furtherance of his marital community. Based upon information and belief, and at all times hereto, this Defendant owned and/or maintained the motor vehicle that was involved in the collision that is at issue in this lawsuit. At all times material hereto, Defendant Omar A. Abdulkadir is vicariously liable for the acts and omissions committed by Defendant Abdurazack A. Jamma under the theories of agency, respondeat superior, and/or the family car doctrine.



DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

1.9 Plaintiffs reserve the right to amend this Complaint by adding additional claims as appropriate against one or more of these Defendants and/or by adding additional Defendants.

1.10 Pursuant to RCW 4.12.020, Plaintiffs may select the venue where the cause of action arose. All acts or omissions alleged to have occurred herein took place in King County, Washington. King County is therefore a proper venue for this cause of action.

## II. FACTS

### A. Motor Vehicle Collision.

2.1 On or about December 23, 2022, at approximately 2:52 AM, Plaintiffs Jacob Wilfong, Dona Marie Wilfong, and Donald Wilfong ("Plaintiffs") were riding as Lyft passengers in a 2022 Honda CR-V driven by Defendant Abdurazack A. Jamma,

2.2 The vehicle Plaintiffs were riding in was traveling on Warren Ave. N after just completing a turn from Queen Anne Dr. in Seattle, King County, Washington.

2.3 Weather conditions at the time of the incident were, dark, and freezing with ice covering sections of the roadway.

2.4 Defendant Abdurazack A. Jamma ignored a traffic sign which stated "Road Closed" in reference to Warren Ave. N.

2.5 Defendant Abdurazack A. Jamma lost control of the vehicle immediatley after turning onto Warren Ave. N. in Seattle, Washington.

2.6 The vehicle Plaintiffs were riding in slid uncontrolled down Warren Ave N. and collided head first into a utility pole.

2.7 Plaintiffs sustained serious bodily injuries and other damages as a result of the impact and collision.

### B. Lyft, Inc.



DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

2.8 Defendants Lyft act as a "Commercial Transportation Services Provider" that is in the business of transporting passengers for a fare.

2.9 Lyft passengers or customers contact and interact with Lyft directly to receive rides.

2.10 Lyft customers use a cell phone or internet-based software application (i.e., the Lyft app) created and maintained by Lyft to communicate with Lyft for the purpose of requesting transportation services from one of Lyft's drivers.

2.11 After using the Lyft app, Lyft contacts one of its drivers that may be interested in responding to the customer's request for transportation.

2.12 A Lyft driver responds to the request for transportation by communicating to Lyft an acceptance or rejection of the request for transportation.

2.13 If the request for transportation is accepted, the Lyft driver uses the Lyft app, to locate the prospective customer and then pick that customer up and transport the Lyft customer or passenger to some other destination.

2.14 Lyft maintains exclusive control over the Lyft app operation at all times.

2.15 Lyft chooses and controls which of its drivers may respond to a customer's request for transportation.

2.16 Lyft has created a fleet of "for hire drivers" that would not otherwise exist in cities all over the country, including many cities that also exist outside of the United States.

2.17 Lyft has become a fixture at transportation centers in the Puget Sound region, including those located in and around Seattle and in and around the Queen Anne/Seattle Center Neighborhoods.



DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

2.18 Lyft has engaged in a pattern and practice of denying responsibility and liability for its drivers' negligent and reckless conduct by, among other things, alleging that its drivers are independent contractors so that vicarious liability does not apply.

2.19 When Lyft denies all legal responsibility for its drivers' negligent and reckless conduct, it forces communities to bear the economic burden and cost of caring for injured victims.

2.20 Lyft's business model is marketed and operated as a transportation company for hire, including its engagement or participation in the following:

2.20.1 Lyft markets itself as a transportation company with phrases like "Your friend with a car, whenever you need one."

2.20.2 Lyft requires or recommends that its drivers attach the Lyft company logo to the driver's vehicle, so the public knows that the driver works for Lyft.

2.20.3 Lyft receives a percentage of every fare.[1]

2.20.4 Lyft's revenue and profits are based in part on the performance of its drivers.

2.20.5 Lyft does not charge drivers a flat fee for using the company's application and network. Rather, Lyft collects a fee each time the Lyft passenger's ride is concluded.[2]

2.21 Lyft exerts substantial control over its drivers, and it also prevents drivers from acting as independent contractors in one or more of the following ways:

2.21.1 The company unilaterally sets fares to charge riders.[3]

2.21.2 The company prohibits drivers from engaging in activity that is common among independent contractors in the transportation for hire industry.[4]

---

[1] https://www.lyft.com/terms/driver-addendum
[2] https://www.lyft.com/terms/driver-addendum
[3] https://www.lyft.com/terms/driver-addendum
[4] https://www.lyft.com/terms



DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

2.21.3 Lyft limits or controls competition among drivers by limiting the number of drivers that may log into the Lyft app and/or by limiting the number of drivers that may respond to or accept a request for transportation by a Lyft customer.

2.21.4 Lyft uses drivers and the service they provide to market and promote the company, not individual drivers.

2.21.5 Lyft retains exclusive control to adjust or discount fares in response to customer complaints.

2.22 Lyft exercises substantial control over the qualification, selection, hiring, training, retention and termination of its drivers, including Lyft's implementation of the following:

2.22.1 Drivers must complete a detailed application process, including a background check, vehicle inspection and interview.

2.22.2 Lyft tracks and evaluates each driver's ride acceptance rate.

2.22.3 Lyft tracks driver cancellations and may terminate a driver for high cancellation rates.

2.22.4 Lyft asks customers to rate its drivers, and those drivers who are not rated favorably may be terminated.

2.22.5 Lyft retains the right to terminate a driver at any time and for any reason.

2.22.6 Lyft instructs drivers to comply with the company's "Lyft Rules of the Road" that address and control a driver's conduct during a fare, how to pick up and greet a customer, how to perform customer service, how to communicate with customers, and how to perform other services that



DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

benefit the company (e.g., picking up and storing the customer's luggage, etc.).

2.23 Some states throughout the country have taken action against ride-hailing companies like Lyft and Uber, and others, to assure that drivers are not wrongly classified as independent contractors but instead should be considered as agents and/or employees.

2.24 The state of California recently and successfully sued Uber and Lyft for their decision to misclassify their drivers as independent contractors when in fact they act like employees.

2.25 The San Francisco County Superior Court of California ruled in August 2020 that Lyft's drivers were misclassified as independent contractors instead of employees when the drivers do not perform work that is outside the usual course of its business, and when they are central and not tangential to Lyft's entire ride-hailing business.

2.26 At all times material hereto, Lyft controlled, or had the right to control, the scope and manner of its driver Abdurazack A. Jamma at the time of the collision that is the subject of this lawsuit. Alternatively, and at all times material hereto, Lyft and its driver Abdurazack A. Jamma were engaged in a joint enterprise or partnership, and therefore Lyft is vicariously liable for the negligent acts and omissions of Defendant Abdurazack A. Jamma.

## III. CAUSE OF ACTION--NEGLIGENCE

3.1 Plaintiffs re-allege the allegations contained in Sections I through II and incorporate them as though fully set forth herein.

3.2 Defendant Abdurazack A. Jamma owed Plaintiffs a duty of care and a duty to act reasonably.



DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

3.3 Defendant Abdurazack A. Jamma breached his duty of care and his duty to act reasonably by, among other things, failing to operate a motor vehicle in a safe and prudent manner.

3.4 Defendant Abdurazack A. Jamma breached his duty of care and his duty to act reasonably by, among other things, failing to obey traffic control signage advising 'Road Closed', not paying attention to his surrounding, and failing to keep a proper lookout.

3.5 Defendant Abdurazack A. Jamma breached his duty of care and his duty to act reasonably by, among other things, failing to exercise ordinary care and causing a collision with a utility pole.

3.1 As a result of the Defendants' negligent, grossly negligent, and reckless conduct, Plaintiffs were injured, suffered, and continues to suffer, physical disability and pain, emotional trauma, medical expenses, loss of earnings and earning capacity, and other damages.

## IV. CAUSE OF ACTION – AGENCY OR VICARIOUS LIABILITY

4.1 Plaintiffs re-allege the allegations set forth in Sections I through III and incorporate them as though fully set forth herein.

4.2 Defendants Lyft and Lyft Washington, Inc. are vicariously liable for the negligent, grossly negligent, and reckless acts and omissions committed by Defendant Abdurazack A. Jamma under employment and/or agency principles.

4.3 Defendant Abdulkadir A. Omar is vicariously liable for the negligent, grossly negligent, and reckless acts and omissions committed by Defendant Abdurazack A. Jamma under employment and/or agency principles.

4.4 As a result of the Defendants' conduct and omissions as described herein, the Plaintiffs have suffered injuries and damages, both past and future, including without limitation,



DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

past and future medical expense, past and future lost earnings, pain, suffering, disability, loss of enjoyment, and other damages.

## V. CAUSE OF ACTION

### NEGLIGENT HIRING, TRAINING, SUPERVISION & RETENTION

5.1 Plaintiffs re-allege the allegations set forth in Sections I through IV and incorporate them as though fully set forth herein.

5.2 Defendants Lyft and Lyft Washington, Inc. had a duty to properly hire, train, and supervise its drivers and employees or agents to maintain public safety and not to endanger passengers and other motorists.

5.3 Defendants Lyft and Lyft Washington, Inc. had a duty to terminate or discharge its drivers and employees or agents when they knew or should have known that such individual may likely jeopardize public safety and/or put the lives of passengers and other motorists at risk.

5.4 Defendants Lyft and Lyft Washington, Inc. violated their duty of care by failing to properly hire, train, and/or supervise Defendant Abdurazack A. Jamma as a Lyft driver when they knew or should have known that this person's capacity to be a safe driver was deficient and/or that this person may likely jeopardized public safety and/or put the lives of other motorists and passengers at risk.

5.5 Defendants Lyft violated their duty of care by failing to properly hire, train, and/or supervise Defendant Abdurazack A. Jamma as a Lyft driver when they knew or should have known this driver presented an unreasonable risk of harm to the public.

5.6 Defendants Lyft and Lyft Washington, Inc. violated their duty of care by negligently retaining Defendant Abdurazack A. Jamma as a Lyft driver when they knew or should have known that this driver presented an unreasonable risk of harm to the public.



DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

5.7 As a result of the Defendants' conduct and omissions as described herein, the Plaintiffs have suffered injuries and damages, both past and future, including without limitation, past and future medical expense, past and future lost earnings, pain, suffering, disability, loss of enjoyment, and other damages.

## VI. NO CONTRIBUTORY NEGLIGENCE/COMPARATIVE FAULT

6.1 Plaintiffs re-allege the allegations set forth in Sections I through V and incorporate them as though fully set forth herein.

6.2 The damages suffered by Plaintiffs were not caused by any fault, carelessness, or negligence on her part but were caused solely and proximately by the tortious acts and/or omissions of the Defendants.

6.3 There are no other entities which caused or contributed to Plaintiffs' injuries or damages.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, as follows:

1. For all damages sustained by Plaintiffs in an amount proven at trial, including past and future medical expenses and other health care expenses, pain and suffering, both mental and physical, past and future permanent partial disability and disfigurement, loss of enjoyment of life, damages to property, past and future special damages, and other damages;

2. Interest calculated at the maximum amount allowable by law, including pre- and post-judgment interest;

3. A reasonable attorney's fee as allowed by law;

4. Costs and disbursements pursuant to statute; and

5. Other and further relief as this Court may deem just and equitable.



DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000

Dated this 14th day of March, 2024.

**DAVIS LAW GROUP, P.S.**

/s *Courtney K. Hansen*
Christopher M. Davis, WSBA No. 23234
Courtney K. Hansen, WSBA No. 43872
chris@davislawgroupseattle.com
courtney@davislawgroupseattle.com
*Attorneys for Plaintiffs*



DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 1030
SEATTLE, WASHINGTON 98121
(206) 727-4000